### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE
### CIVIL ACTION NO. 3:04CV-P698-R

**WILLIAM B. WALKER**                                                     **PLAINTIFF**

**v.**

**KENTUCKY PAROLE BOARD**                                          **DEFENDANT**

### OPINION

The plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.  This matter is before the Court for *sua sponte* screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow, the instant action will be dismissed.

### I.  SUMMARY OF CLAIMS

The plaintiff is a convicted inmate currently housed in the Kentucky State Reformatory. The sole defendant is the Kentucky Parole Board, from whom the plaintiff seeks both injunctive and declaratory relief.  More specifically,

> Plaintiff seeks To have declared as invalid under The U.S. Constitution A 1976 unpublished Opinion of The Kentucky Supreme Court in plaintiff's prior criminal case.  He also seeks To have declared invalid under The U.S. Constitution, The Kentucky Parole Statute, KRS 439.340 and The Sexual Offenders Treatment Statute, KRS 197.045(4) As-Applied To The plaintiff.  He also seeks prospective injunctive relief by An Order enjoining The enforcement of Said 1976 Opinion and The Two Kentucky Statutes.

The plaintiff claims that "A binding 1976 Opinion of The Kentucky Supreme Court in [his] prior criminal case abridges his privilege under The Fourteenth Amendment To a discretionary parole hearing under The Kentucky Parole Statute, KRS 439.340."  And, he further claims that the sex offender treatment statute referenced above, violates the Ex Post Facto Clause.

## II. <u>STANDARD OF REVIEW</u>

Under 28 U.S.C. § 1915A, this Court must review the instant action.  28 U.S.C. § 1915A ("The court shall review, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997).  Upon review, this Court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  § 1915A(b).

A complaint may be dismissed as frivolous under § 1915A if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  In reviewing a complaint under this standard, the court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "the duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And, this Court is not required to create a claim

for the plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also* Fed. R. Civ. P. 8(a)(2).  To command otherwise would require this Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.  ANALYSIS

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere.  As such, it has two basic requirements:  (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

The Kentucky Parole Board is an agency of the Commonwealth of Kentucky, *see White v. Franks*, No. 2001-CA-001018-MR, 2003 WL 22520440, at *4 (Ky. Ct. App. Nov. 7, 2003) (noting that the Kentucky Parole Board is an agency of state government), and more specifically, it is an organizational unit within the Justice and Public Safety Cabinet of the Commonwealth. *See* Exec. Order No. 2004-730 (July 9, 2004) (directing that the Kentucky Parole Board, along with other specified offices, departments or divisions, be "established as major organizational units of the [Justice and Public Safety] cabinet"); KY. REV. STAT. ANN. § 12.250, as amended.  A state and its agencies, however, are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Because the Kentucky Parole Board is not a "person" subject to suit under the Act, the

Court will dismiss the § 1983 claims against it pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Additionally, a state and its agencies, such as the Kentucky  Parole Board, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment[1] or Congress has overridden it.  *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978). Kentucky has not waived immunity, and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d 188 (6th Cir.) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)), *cert. denied*, 502 U.S. 883 (1991).  The Eleventh Amendment therefore bars all claims for relief against the Kentucky Parole Board,[2] and dismissal is appropriate under Rule 12(h)(3)[3] of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

---

[1]Under the Eleventh Amendment to the United States Constitution, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. amend. XI.

[2]*See also Fleming v. Martin*, No. 01-1422, 2001 WL 1176354, at *1 (6th Cir. Sept. 26, 2001) ("The [Michigan] Parole Board is entitled to Eleventh Amendment immunity."); *Kersey v. Tenn. Bd. of Paroles*, No. 95-5870, 1996 WL 185779, at *1 (6th Cir. Apr. 17, 1996) (concluding that the Tennessee Board of Paroles enjoys Eleventh Amendment immunity from a § 1983 suit for money damages and declaratory and injunctive relief).

[3]Pursuant to Rule 12(h)(3), "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

4

The Court will enter an Order consistent with this Opinion.

Date:

cc:      Plaintiff, *pro se*
         Defendant
         Attorney General, Commonwealth of Kentucky
4413.005